CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
September 30, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSEPH WILLIAM GREENE, ) | |
| Petitioner, ) | Civil Action No. 7:22cv00253 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| HAROLD W. CLARKE, Director, ) | By: Robert S. Ballou |
| Respondent. ) | United States District Judge |

Joseph William Greene, a Virginia inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 2013 convictions in Amelia County Circuit Court. The Respondent has filed a Motion to Dismiss, to which Greene has replied, making this matter ripe for decision. After review of the record and the arguments of the parties, the court concludes that the Respondent's motion must be granted, and Greene's petition must be dismissed as time barred.

## I. Background

A grand jury sitting for the Circuit Court of Amelia County indicted Greene in August 2012 for attempted capital murder, malicious wounding, malicious wounding of a law enforcement officer, unlawful stabbing, possession of a prohibited weapon, prisoner escape, prisoner in possession of a deadly weapon, destruction of property, damage to facility to aid escape, and possession of an instrument to aid escape. Following a bench trial on July 25, 2013, the court acquitted Greene of attempted capital murder, destruction of property, damage to facility to aid escape, and possession of an instrument to aid escape. The court convicted him of the remaining charges. Following consideration of a presentence report, the court sentenced Greene to 46 years total, with 31 years suspended conditioned on indefinite probation, a total of 15 years to serve.

Greene appealed his conviction and sentence to the Court of Appeals of Virginia, raising two issues, but his appeal was denied by order entered August 18, 2014.  His speedy trial issue was denied on the merits; his sufficiency of the evidence argument was denied because the court found that transcripts were essential to resolution of the issue, and transcripts had not been timely filed.  At some time thereafter, defense counsel filed a Motion to Reconsider, Vacate August 18, 2014 Order, and Extend Filing Time for Trial Transcripts.  This motion was denied as untimely on March 11, 2015.  ECF No. 1-1 at 12.  On March 30, 2015, the Court of Appeals received a Notice of Appeal to the Supreme Court of Virginia.  The Supreme Court of Virginia received the Petition for Appeal on April 9, 2015.  According to the online Appellate Case Management System, the court procedurally dismissed the appeal on April 13, 2016, Record No. 150665.  The online case management system does not indicate any further legal activity in the matter in any court.  No state habeas petition was filed.

With his original letter to this court, Greene filed copies of 2022 correspondence from the Clerk of the Supreme Court of Virginia regarding filing a motion for delayed appeal.  ECF No. 1-1 at 3.  Greene then wrote to request appointment of counsel to represent him on a delayed appeal.  By order entered February 16, 2022, the Supreme Court of Virginia denied *all relief requested* in his prior two letters.  ECF No. 1-1 at 8.  Apparently, no petition was ever filed in the United States Supreme Court.

Greene filed a letter in this court, placed in the prison mail system on May 9, 2022, which the court interpreted as a habeas petition.  The court conditionally filed the matter, giving notice to Greene of its intent to treat the letter as a habeas petition, advising him of the relevant statutes of limitation, and sending him the proper form to use if he wished to pursue the habeas.  The court also advised him that the petition appeared to be untimely and suggested that he include

2

any argument as to why the case was not barred by the statute of limitations. Greene filed an amended petition on the proper form, raising the following claims:

1. His constitutional right to a speedy trial was violated;
2. Ineffective assistance of counsel before trial;
3. Violation of his right to due process by failing to comply with Virginia Code § 19.2-168; and
4. Denying his request for change of venue.

In response to the court's question on timeliness, he stated that he was uneducated in the law and had no assistance because his attorneys quit on him, and he had "recently been trying to understand what happened eight years ago." Am. Pet. at p. 13, ¶ 18, ECF No. 3. In his response to the respondent's Motion to Dismiss, he argued that his petition is timely because he filed just three months after the Virginia Supreme Court's last order denying his delayed appeal and motion for counsel.

## II. Discussion

Under 28 U.S.C. § 2244(d)(1), a petitioner has one year in which to file a federal habeas corpus petition. This statute of limitations runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Further, the statute of limitations is tolled during the time in which "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). In rare cases, the court may disregard the statute of limitations by applying equitable tolling or the miscarriage of justice exception.

### A. Application of the Statute

Greene's claims do not involve any newly recognized constitutional rights, nor does he claim any state-created impediment to raising his rights earlier, although he claims that his attorney did not raise some of these issues on appeal when asked to do so. Defense counsel's conduct is not attributable to the state, even when counsel is court-appointed. *Hall v. Quillen*, 631 F.2d 1154, 1155 (4th Cir. 1980). Finally, Greene was timely aware of the factual basis for his claims because he asked appellate counsel to raise them. Because subsections B, C, and D of § 2244 are therefore not applicable, the statute of limitations for filing his habeas petition falls under subsection A, requiring the court to determine when the judgment against Greene became final.

The statute recognizes two ways for a state judgment to become final: (1) by the conclusion of direct review or (2) the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Conclusion of direct review occurs when a defendant has exhausted the availability of state court appeals and then the United States Supreme Court affirms the judgment or denies the petition for certiorari. *Jimenez v. Quarterman*, 555 U.S. 113, 119–20 (2009). If the defendant does not pursue direct review to its conclusion, then the judgment becomes final when the time in which to appeal expires. *Id.* State law determines the time for filing direct appeals within the state courts; federal law prescribes the time in which to petition the United States Supreme Court for appeal from the final decision of the state's highest court. *Id.* at 121.

Greene's direct appeal became final when a Notice of Appeal to the Supreme Court was not filed within 30 days after entry of the judgment from the Court of Appeals, August 18, 2014, as required by Rule 5:17 of the Virginia Rules of the Supreme Court. Thirty days from August 18, 2014, expired September 17, 2014. This time requirement is jurisdictional under Virginia law, meaning that the state court no longer has jurisdiction to consider the appeal if the notice is not timely filed. *Greer v. Commonwealth*, 796 S.E.2d 422, 427 (Va. Ct. App. 2017). Further, when the time to appeal has expired, the judgment has become final within the meaning of 28 U.S.C. § 2244(d)(1)(A).

The untimely Motion to Reconsider had no effect on the finality of the judgment. The attempt to appeal from the Court of Appeals after that denial was not effective either, as the Supreme Court of Virginia procedurally dismissed the appeal. Greene's letter to the Supreme Court of Virginia on December 30, 2021, inquiring about delayed appeals, did not change the finality of the 2014 judgment either, because a motion for delayed appeal was never granted.[1] When a state court "denies a petition seeking leave to file an appeal out of time, the filing of that petition does not delay or alter the date of the final judgment." *Roberts v. Watson*, 697 F. Supp.2d 646, 652 (E.D. Va. 2010); *see also Jimenez*, 555 U.S. at 120 n.4 ("[W]e have previously held that the possibility that a state court may reopen direct review does not render convictions and sentences that are no longer subject to direct review nonfinal. We do not depart from that rule here.") (internal citation and quotation marks omitted).

Because Greene's judgment of conviction became final on direct review on September 17, 2014, the last date on which to timely file his federal habeas petition under the statute was

---

[1] Had a motion for delayed appeal been made in 2015, the outcome might have been different, but coming more than five years after the Supreme Court of Virginia procedurally dismissed his appeal, Greene's attention to the matter came far too late.

September 17, 2015.  He did not file his federal petition in this court until May 9, 2022, more than six years past the deadline.  Further, he did not file a state habeas petition, so nothing tolled the statute of limitations beyond September 17, 2015.  The petition is untimely under the statute.

**B.  Equitable Tolling**

The United States Supreme Court has recognized a narrow exception for equitable tolling if the petitioner has pursued his rights diligently and some extraordinary circumstances prevented his timely filing.  *Holland v. Florida*, 560 U.S. 631, 636, 649 (2010).  Greene has not met either test.

Diligent pursuit of one's rights does not require maximum diligence, but a petitioner must exercise reasonable diligence, that level of care a reasonable person would exercise in handling his important affairs.  *Id.*  Greene waited five years after the Supreme Court of Virginia procedurally dismissed his appeal before taking any further action in any court.  Five years cannot be considered the level of care a reasonable person would exercise in his important affairs, so Greene has not diligently pursued his rights.

To establish extraordinary circumstances, a petitioner must show that he was prevented from filing a timely petition by circumstances beyond his control and external to his own conduct.  An inmate's *pro se* status and lack of knowledge of the law do not constitute extraordinary circumstances; those circumstances are typical of most prisoners filing a § 2254 claim.  *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

Having shown neither due diligence nor extraordinary circumstances, Greene is not entitled to equitable tolling of the statute of limitations.

### C. Miscarriage of Justice

In extraordinary cases, the court has recognized a "miscarriage of justice exception" to the statute of limitations when a litigant presents new evidence of actual innocence, that when considered together with all the other evidence from trial, persuades the court that no reasonable factfinder would have convicted the defendant in the absence of constitutional error. Greene has made no claim of actual innocence, nor has he presented any new, reliable evidence, unavailable to him at the original trial. This exception does not apply to Greene's case.

### III. CONCLUSION

For the reasons discussed above, Greene's petition is untimely, and none of the exceptions to the statute of limitations apply to his claims. I will therefore grant the Respondent's Motion to Dismiss.

I decline to issue a certificate of appealability, because Greene has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the court's procedural rulings to be debatable or wrong.

A separate Final Order will be entered this date.

Enter: September 29, 2024

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge